**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH ARUANNO, | : | Civil No. 12-0152  (WJM) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| JENNIFER VELEZ, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> JOSEPH ARUANNO, #363
> Special Treatment Unit- Annex
> P.O. Box #CN905
> Avenel, NJ 07001

**MARTINI**, District Judge:

Joseph Aruanno, who is civilly committed to the Special Treatment Unit under the New Jersey Sexually Violent Predator Act, seeks to file a Complaint against Jennifer Velez, Commissioner of the New Jersey Department of Human Services, and 25 John/Jane Does.  This Court will grant Aruanno's application to proceed in forma pauperis and, as required by 28 U.S.C. § 1915(e)(2)(B), dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

Since 2005, Mr. Aruanno has filed over 28 civil cases in this Court, and 27 appeals in the United States Court of Appeals for the Third Circuit.  In his Complaint in the present action, Aruanno contends that Commissioner Velez "has promulgated unconstitutional policy which

denies me a job.  And for which I have written numerous times but she still refuses to correct the

problem.  And other violations it leads to." (Dkt. 1 at 4.)  He asserts the following facts:

> This case involves being denied a job in retaliation for exercising my
> constitutional right(s) to remain silent under the 1st, 5th, 14th, but not limited to,
> in light of my innocence of a crime I did not commit and pending appeals.  And
> which results in such harm as being unable to provide even the basics such as
> personal hygiene items such as soap; clothes; legal needs such as a pen or
> typewriter; certain medical needs I have been denied; certain therapeutic needs I
> am being denied; food if I am going to eat adequate amounts of healthy,
> nutritional food; etc; and where I have tried for years in the many contacts I have
> made with defendant to correct these problems but there has been absolutely no
> understanding or concern which has forced me to submit this.
>
> And which has included sending the defendant certified/registered mail.  As well
> as speaking personally numerous times with the Director here, Mr. Merrill Main.,
> etc., where I have clearly exhausted.
>
> Which includes NUMEROUS contacts in the last two years which complies with
> time limitations here.  And which includes most recently having received a reply
> from defendant Velez, whom avoided the issue, and having spoken with the
> Director here, whom refuse to give me a job or clothes, etc....

(Dkt. 1 at 6.)

Aruanno seeks relief as follows:  "I am seeking "INJUNCTIVE and DECLARATORY"

relief which provides me with a job, of reasonable hours per week, to provide for myself since

the facility and the defendants refuse to comply there.  Also I seek back wages and

reimbursement for the necessities I have been forced to provide for myself over the years.  Which

would be COMPENSATORY as well as PUNITIVE Damages or Relief, etc...."  (Dkt. 1 at 7.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat.

1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil

action in which a plaintiff is proceeding in forma pauperis and to sua sponte dismiss any claim if

2

the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28

U.S.C. § 1915(e)(2)(B).  See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v.

Twombly, 550 U.S. 544 (2007); Santiago v. Warminster Tp., 629 F. 3d 121, 130 (3d Cir. 2010).

## III.  DISCUSSION

The claims raised in this Complaint are subsumed by the claims Aruanno unsuccessfully

raised before this Court and on appeal to the Third Circuit in two prior actions.  See Aruanno v.

Sweeney, Civ. No. 08-4449 (SDW), 2009 WL 1561416 (D.N.J. June 1, 2009), aff'd, Salerno v.

Corzine, 449 Fed. App'x 118 (3d Cir. 2011); Aruanno v. Spagnuolo, Civ. No. 07-2056 (DMC),

2007 WL 3026837 (D.N.J. Oct. 15, 2007), aff'd, 292 Fed. App'x 184 (3d Cir. 2008).  In Aruanno

v. Spagnuolo, Aruanno

> allege[d] that the defendants have retaliated against him for exercising his rights
> under the First and Fifth Amendments.  Convicted sex offenders confined at the
> STU are required to participate in treatment sessions during which they are told
> [to] disclose their past, sexually violent behavior to other group members.
> Aruanno refuses to participate vocally in these sessions, because he argues that he
> is being compelled to confess to crimes that he has not committed.  Since he has
> refused to reveal his sexual history during these therapy sessions, the defendants
> have withheld certain privileges, such as his job (including unpaid back wages),
> television, and stereo.  They have also placed him in "treatment refusal status,"
> thereby impeding his progression through the program.

Aruanno v. Spagnuolo, 292 Fed. App'x at 185.

Judge Cavanaugh dismissed the complaint, ruling that the denial of a prison job, back

wages, television, and other privileges does not violate Aruanno's constitutional rights.  Relying

on McKune v. Lile, 536 U.S. 24 (2002), the Third Circuit affirmed:

> In this case, Aruanno's claim cannot succeed, because he does not demonstrate
> that he faces the possibility of a penalty so great as to constitute compulsion under

the Fifth Amendment . . . .  The deprivation of a prison job may pressure Aruanno to participate vocally in the group therapy sessions, but it does not compel him within the meaning of the Fifth Amendment . . . .

The First Amendment right to freedom of thought encompasses the right to refrain from speaking at all.  However, it is well established that in the penological context, an inmate does not retain those First Amendment rights that are inconsistent with his status as a prisoner or with the penological objectives of the corrections system . . . .  Aruanno cannot obtain relief under this claim.  He alleges that defendants are denying him a job and other privileges for not participating vocally in treatment.  But even so, these consequences for refusing to describe his past sexual behavior are not so severe that participation in treatment is essentially compulsory.

Id. at 185-86 (citations and internal quotation marks omitted).[1]

Aruanno raised the same allegations in Aruanno v. Sweeney, Civ. No. 08-4449 (SDW).

Judge Wigenton dismissed the complaint in that action sua sponte as duplicative, Aruanno

appealed, and the Third Circuit affirmed, finding that Judge Wigenton "correctly dismissed

Aruanno's claims under the doctrine of claim preclusion."  Salerno, 449 Fed. App'x at 122.

Claim preclusion "bars a party from initiating a second suit against the same adversary

based on the same 'cause of action' as the first suit."  Duhaney v. Att'y Gen. of U.S., 621 F.3d

340, 347 (3d Cir. 2010).  Claim preclusion is properly applied where there has been:  "(1) a final

judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a

subsequent suit based on the same causes of action."  Sheridan v. NGK Metals Corp., 609 F.3d

---

[1] See also Roman v. DiGuglielmo, __ F.3d __, 2012 WL 1109729 *8 (3d Cir. Apr. 4, 2012) ("Roman's Fifth Amendment claim fails because the consequence he faces - the repeat denial of parole for refusing to participate in the sex offender rehabilitation program - does not rise to the level of compulsion necessary to violate the Fifth Amendment"); Renchenski v. Williams, 622 F.3d 315, 334-35, 338 (3d Cir. 2010) (loss of privileges, including loss of prison job, assignment to disciplinary custody, cell restriction, loss of visitors, and loss of TV, radio and commissary, for refusing to participate in sex offender treatment program, does not constitute compulsion under the Fifth Amendment or inflict cruel and unusual punishment under the Eighth Amendment, given that the DOC provides inmate with food, shelter and access to medical care).

239, 260 (3d Cir. 2010).  Here, the "same cause of action" and "final judgment on the merits"

components are satisfied, as Aruanno unsuccessfully raised his current allegations and claims in a

previous action, which Judge Cavanaugh dismissed on the merits - a judgment which the Third

Circuit affirmed.  See Aruanno v. Spagnuolo, 292 Fed. App'x 184 (3d Cir. 2008).

The "same parties or their privies" element is also satisfied here.  Aruanno brought his

previous action in this Court against numerous defendants at the Special Treatment Unit,

including the Director, Merrill Main, two social workers and a vocational counselor.  In this

action, he names the Commissioner of the Department of Human Services and 25 John/Jane

Does.  As the Third Circuit found in Salerno v. Corzine, 449 Fed. App'x at 122-123, this Court

finds that, although the defendants are not identical, their "alignment of interests satisfies the

privity requirement and precludes Aruanno's current action."  Id. at 123.  This Court will

accordingly dismiss the Complaint in this action under the doctrine of claim preclusion.[2]

---

[2] This Court has sua sponte considered whether there may be a viable basis to invoke
Federal Rule of Civil Procedure 17(c).  See Powell v. Symons, ___ F.3d ___ 2012 WL 1066740
*4 (3d Cir. Mar. 30, 2012) ("[I]t is the federal district court's obligation to issue an appropriate
order 'to protect a minor or incompetent person who is unrepresented [by a general  guardian] in
an action") (quoting Fed. R. Civ. P. 17(c)).  This Court's "duty of inquiry involves a
determination of whether there is verifiable evidence of incompetence."  Id.  Since Aruanno is
detained as a sexually violent predator, the New Jersey courts have presumably determined that
Aruanno is a sexually violent predator, which by statute means that he "suffers from a mental
abnormality or personality disorder that makes [him] likely to engage in acts of sexual violence if
not confined in a secure facility for control, care and treatment."  N.J. Stat. Ann. §  30:4-27.26.
As defined by statute, a mental abnormality is "a mental condition that affects a person's
emotional, cognitive or volitional capacity in a manner that predisposes that person to commit
acts of sexual violence," and "likely to engage in acts of sexual violence" means "the propensity
of a person to commit acts of sexual violence is of such a degree as to pose a threat to the health
and safety of others."  Id.  However, to the knowledge of this Court, no court has found Aruanno
legally incompetent.  This Court cannot say that there is "verifiable evidence" indicating that
Aruanno is an "incompetent person" within the meaning of Rule 17(c).  Furthermore, even if
there were verifiable evidence showing that Aruanno is an "incompetent person," Rule 17(c)

(continued...)

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint.

s/William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: April 12, 2012

_____

[2](...continued)
requires a court to "appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented [by a general guardian] in an action."  This Court finds that, given that he unsuccessfully raised the same claim in two prior actions, Aruanno has no "interest" requiring protection under Rule 17(c).